Filed 5/18/26  P. v. Singh CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BARJINDERJIT SINGH,<br><br>    Defendant and Appellant. | A174671<br><br>(Solano County Super. Ct. No. F2501474) |

Barjinderjit Singh appeals from a judgment rendered after a jury trial in Solano County Superior Court, in which he was convicted of misdemeanor battery and violating a criminal protective order and placed on three years formal probation.  Singh's appointed appellate counsel has submitted a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) requesting we independently review the record.[1]  Counsel has advised Singh of his right to submit a supplemental brief, and Singh has not done so.  Our independent review of the record has disclosed no appellate issues that warrant further briefing.

---

[1] Counsel previously filed a brief raising one appellate issue, then moved to have the brief stricken because of a fundamentally flawed analysis. We granted counsel's motion and ordered the brief stricken from the record.

1

# I. BACKGROUND

In July 2025, the Solano County District Attorney's office filed an information charging Singh with three counts: injuring his child's parent, S.S., within seven years of a prior conviction, a felony (Pen. Code, § 273.5, subd. (f), count one)[2]; interference with a wireless communication device, a misdemeanor (§ 591.5, count two); and disobeying a criminal protective order, a misdemeanor (§ 166, subd. (a)(4), count three). Certain aggravating factors were alleged under California Rules of Court, Rule 4.421 for all three counts.

The charges involved allegations that on June 26, 2025, Singh physically attacked his ex-wife, S.S., took her phone, and violated a criminal protective order restraining him from disturbing her peace. A jury trial followed.

Before and during trial, the parties debated the admissibility of certain evidence of prior acts of domestic violence by Singh proffered by the prosecution; video of S.S. in 2023 acting aggressively towards one of her children proffered by the defense; and the testimony of a prosecution expert in the area of domestic violence and domestic violence victim behavior. The court allowed in some, but not all, of the evidence of prior acts the prosecution sought to introduce, the 2023 video, and the expert testimony.

S.S. was among the witnesses the prosecution presented. She testified that she married Singh in 2011, had two daughters with him, divorced him in 2024, and that he hit her on two occasions in 2021 when he was under the influence of alcohol. On June 26, 2025, S.S. said, Singh came to her home to see their children and became intoxicated. For some hours, he verbally abused her and her parents, who were also present, including by threatening

---

[2] Undesignated statutory references are to the Penal Code unless otherwise stated.

to kill them. Then, after S.S. indicated she was going to call the police and he tried to grab her phone, she ran from him outside and Singh chased after her. At first, S.S. testified that during the chase she lost control of herself and fell down; but after her memory was refreshed by what she told police soon after the incident, she testified that Singh twice pushed her to the concrete ground, causing her injuries. She further testified that he then grabbed her phone away from her. S.S.'s final trial testimony was arguably inconsistent with some of her prior statements, such as her failure to tell the 911 dispatcher or say in her testimony at the preliminary hearing that Singh had shoved her to the ground.

The prosecution also presented the testimony of a neighbor who witnessed some of the incident. He testified that he was in his driveway taking out his trash at about 7:50 p.m. on the day of the incident when he heard loud screaming and crying. He looked in the direction of the noise and saw, about 30 or 40 feet away, a fence trying to be opened and slammed closed, then opened again and a woman running, appearing frantic. A man, whom he identified as Singh, was chasing her. According to the neighbor, Singh "grabbed [the woman] by the hair and slammed her right into the pavement of the driveway and began getting on top of her and what looked like he was choking her because he was on top and had her pinned." He slammed her on her side and on the front of her face, then held her down as she flailed trying unsuccessfully to get up. An elderly man (whom other evidence indicates was S.S.'s father) began beating Singh with what looked like a bamboo stick. Singh then ran into a field with S.S.'s phone. S.S.'s face and elbow were bleeding and she was very shaky. Sometime later that evening, the police arrested Singh as he sat on a curb at the scene of the incident.

The prosecution also presented the testimony of the expert in the area domestic violence and domestic violence victim behavior. In addition, the prosecution presented evidence that at the time of the incident, Singh was subject to a criminal protective order that restrained him from disturbing S.S.'s peace, and that Singh had suffered a prior domestic violence felony conviction.

The testimony of the neighbor, as well as what he told an officer in the aftermath of the incident, also indicates that sometime after Singh grabbed S.S.'s phone away from her, he returned to the area of S.S.'s house, where S.S. slapped him with a shirt and then her hand. S.S. also testified that prior to Singh chasing her, she hit him with her phone in his lower leg. Based on this and other evidence, such as the 2023 video of S.S. acting aggressively towards one of her daughters that was shown to the jury and the purported inconsistencies in S.S.'s various accounts of what happened, the defense argued that S.S. was not credible in recounting that Singh pushed her and caused her injuries rather than her falling untouched by him; that S.S. did not act consistent with the expert testimony on domestic violence victim behavior; that the neighbor was too far away and too biased to accurately recount what had occurred, based on certain aspects of his testimony; and that S.S. was the aggressor against Singh, who merely acted in self-defense.

Among other things, defense counsel contended Singh was merely trying to take away S.S.'s phone because she had just struck him with it rather than to prevent her from calling the police. Counsel conceded, however, that if the jury found that Singh ended up on top of S.S. "struggling with her to get the phone," it could find Singh "guilty on one of the lessers, right, because that would be potentially a battery on her, grabbing her to try to take the phone but not causing injury . . . ."

4

The jury found Singh not guilty of count one—felony injuring his child's parent—but guilty of the lesser included offense of misdemeanor battery (§ 243, subd. (e)(1)). The jury could not reach a verdict on count two, interference with a wireless communication device. It found Singh guilty of count three, violating the criminal protective order. The court declared a mistrial as to count two.

The trial court suspended imposition of sentence and placed Singh on formal probation for three years. The court imposed various terms and conditions, including requiring Singh to serve 184 days in county jail while granting him total credits of 184 days, abstain totally from using alcohol, submit to alcohol testing, attend and successfully complete a 52-week batterer's treatment program, and successfully complete a residential treatment program for his alcohol abuse. It also imposed certain fines and fees. At the sentencing hearing, the court indicated it would terminate Singh's probation as successfully completed if he successfully completed the residential treatment program. It also extended the criminal protective order against Singh until 2028.

Singh filed a timely notice of appeal. (CT 163.)

## II. DISCUSSION

We have independently reviewed the record under *Wende* and conclude there are no issues that warrant further briefing. After reviewing the entire record, we see no basis for arguing legal error. Further, the parties' debates over the evidence below are subject to deferential standards of review, under which we see no arguable appellate issues.

The parties vigorously disputed the specifics of what had occurred. In determining whether there is sufficient evidence to support a conviction, " 'we review the entire record in the light most favorable to the judgment to

determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' [Citation.] We determine 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' [Citation.] This determination 'presumes in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence.' " (*People v. Cardenas* (2025) 18 Cal.5th 797, 821.) "We may not reweigh a judgment 'supported by substantial evidence even if substantial evidence to the contrary also exists.' " (*City of San Buenaventura v. United Water Conservation Dist.* (2022) 79 Cal.App.5th 110, 120.)

Substantial evidence unquestionably supports Singh's battery and violation of a court order convictions. It can be found at the very least in the neighbor's testimony, S.S.'s recounting of Singh's verbal abuse and threat on the day of the incident, and the uncontested evidence of the existence of a criminal protective order.

Singh also challenged below the admissibility of certain evidence of his prior acts of domestic violence and the testimony of the prosecution's expert witness in the area of domestic violence and domestic violence victim behavior.

"Except as otherwise provided by statute, all relevant evidence is admissible." (Evid. Code, § 351.) " 'Relevant evidence' means evidence . . . having any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action." (Evid. Code, § 210.)

Generally, we apply "the abuse of discretion standard of review to any ruling by a trial court on the admissibility of evidence" (*People v. Waidla*

(2000) 22 Cal.4th 690, 717), including a court's decision to admit or exclude expert testimony (*People v. Smith* (2003) 30 Cal.4th 581, 627).

Further, subject to certain exceptions not applicable here, "in a criminal action in which the defendant is accused of an offense involving domestic violence, evidence of the defendant's commission of other domestic violence is not made inadmissible by Section 1101 if the evidence is not inadmissible pursuant to Section 352." (Evid. Code, § 1109, subd. (a)(1).)

Evidence Code section 352 provides, "The court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury."

Under these standards, we see no arguable appellate issues regarding any of the trial court's evidentiary rulings.

### III. DISPOSITION

The judgment is affirmed.

STREETER, Acting P. J.

WE CONCUR:

GOLDMAN, J.
SWEET, J.[*]

---

[*] Judge of the Marin Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.